IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:13CV256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ETTA GRAVES, and LESLEY DOUGLAS, | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed his Complaint in this matter on August 19, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

    Plaintiff filed his Complaint against Etta Graves ("Graves") and Lesley Douglas ("Douglas"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff has sued both Graves and Douglas in their individual and official capacities. (*Id.*) Plaintiff's allegation are difficult to decipher. As best as the court can tell, Plaintiff alleges that Graves works in the clerk's office of the Douglas County Court in Omaha, Nebraska. (*Id.*) On August 19, 2013, Plaintiff attempted to file an appeal from a criminal case and Graves "refused to file" it, instead telling Plaintiff to "take [the motion] to [the] window around [the] corner." (*Id.*) Plaintiff makes no allegations concerning Douglas except that she is Graves's "boss." (*Id.* at CM/ECF p. 2.) Plaintiff seeks injunctive relief and monetary damages in the amount of $100,000,000.00.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A. Claims Against Douglas

Plaintiff names Douglas as a defendant, but does not allege any specific acts committed by her. In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). To the extent that Plaintiff seeks redress against Douglas on a theory of respondeat superior, his claim fails. Respondeat superior is inapplicable to claims under 42 U.S.C. § 1983. *Bell v. Kansas City Police Dept.*, 635 F.3d 346, 347 (8th Cir. 2011). As such, the court will dismiss Plaintiff's claims against Douglas without prejudice to reassertion in an amended complaint.

### B. Official Capacity Claims Against Graves

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Therefore, Plaintiff's claims against Graves in her official capacity are claims against her employer, Douglas County, Nebraska. A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School*

3

*Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Graves. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard. Accordingly, Plaintiff's claims against Graves in her official capacity will be dismissed without prejudice to reassertion in an amended complaint.

### C. Individual Capacity Claims Against Graves

Liberally construed, Plaintiff alleges that Graves denied him access to the courts when she refused to file his notice of appeal in the Douglas County Court. In order to state a claim for denial of access to the courts, a plaintiff must allege that a

4

defendant hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350-54 (1996).

Here, Plaintiff alleges that Graves's actions hindered his efforts to pursue a criminal appeal, but he does not allege that he suffered any injury as a result of Graves's actions. For example, Plaintiff does not allege that he was prevented from prosecuting his appeal. Indeed, Plaintiff's allegations that Graves asked him to take his "motion" to a window around the corner suggest that Graves did not refuse to file Plaintiff's motion, but instead asked him to deliver the document to someone else.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to allege that he suffered some actual concrete injury as a result of Graves's actions. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim upon which relief may be granted against Graves in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against the defendant will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 4, 2013.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 5th day of November, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.